SAMUEL UTLEY vs. UNION TOOL COMPANY.
WILLIAM A. GODFREY vs. SAME.

In an action against an alleged manufacturing corporation, the plaintiff, in order to charge as stockholders persons summoned in pursuant to *St.* 1851, *c.* 315, must prove the legal existence of the corporation, although it has been defaulted.

Persons who have undertaken to associate themselves together as a corporation under *St.* 1851, *c.* 133, cannot be made individually liable for debts of such corporation, under *St.* 1851, *c.* 315, without proof of articles of association in writing, fixing the amount of the capital stock and the purpose of forming the corporation.

ACTIONS OF CONTRACT against the Union Tool Company, described in the writs as " a corporation established according to law in Goshen," in the county of Hampshire. The principal defendants were defaulted; and several persons were summoned in as stockholders, pursuant to the *St.* of 1851, *c.* 315, and filed answers, upon which trials were had in the court of common pleas in Hampshire.

The plaintiffs proposed to prove by the records of the Union Tool Company that the respondents were stockholders therein. The respondents objected to the admission of this evidence before the existence of the corporation had been shown, and unless it was shown that it was a manufacturing corporation whose stockholders might become liable as such for its debts. *Morris,* J. ruled that it was not necessary for the plaintiffs to prove the existence of the corporation, that being admitted by the default, but that it was necessary to show that it was such a corporation that its stockholders might become individually liable; and admitted evidence that the company had made by-laws and done other acts as a corporation, and the respondents had attended meetings as stockholders; without proof that the company had ever been incorporated by the legislature, or by articles of association in writing, setting forth the amount of the capital stock, and the purpose of their establishment, as required by *St.* 1851, *c.* 133, §§ 1–3. Verdicts were taken for the plaintiffs, and the respondents alleged exceptions. The other facts sufficiently appear in the opinion.

These cases were argued at Northampton in September 1858, and decided at Boston in April 1860.

*W. Allen, Jr.,* for the respondents.

*C. Delano & S. T. Spaulding,* for the plaintiffs.

BIGELOW, J.   There can be no doubt that the burden of proof was on the plaintiffs to show the legal existence of a corporation of which the persons summoned in the action were members and for the debts of which they were personally liable. This is the precise issue which, by *St.* 1851, *c.* 315, § 2, it was intended should be open to a stockholder on his being admitted to defend the action as therein provided.   It is to be made to appear that he is liable in the action; otherwise, he is entitled to judgment in his favor " upon the issue joined."   It has already been determined that under this provision an alleged stockholder cannot be allowed to make a general defence to an action against a corporation, by calling in question the validity of the debt which is sought to be recovered, or disputing the amount averred to be due, but that he has a right to a hearing and adjudication on the question whether he is a member of a corporation and liable as such for its debts.   *Holyoke Bank* v. *Goodman Paper Manuf. Co.* 9 Cush. 582.   It is obvious that the trial of the issue which is thus opened to an alleged stockholder necessarily involves the question of the legal existence of the corporation for the debt of which he is sought to be charged, because his liability depends on the nature of the corporate body and of the powers and duties with which it was clothed by law.   Until these are shown, it cannot be known whether the stockholder is legally chargeable or not.   Doubtless there may be cases where the existence of a corporation and the character and description of its functions and privileges may be shown by prescription or long user.   In such case a charter or legislative grant of corporate powers may be presumed.   But no such inference or presumption can exist in the present cases, nor do the plaintiffs attempt to maintain their claims to charge the persons summoned on any such ground.   On the contrary their whole case rests on the allegation that the respondents are liable as stockholders in a corporation created and established

under the recent statute entitled " an act relating to joint stock companies." *St.* 1851, *c.* 133. But it seems to us that the evidence offered at the trial fails to show that the alleged corporation ever had any legal existence. By reference to the first section of the statute, it will be found that, in order to establish a corporation under it, it is necessary that not less than three persons should enter into " articles of agreement in writing," for the purpose of carrying on business of the nature specified in the statute. By these articles, it is provided in §§ 2 and 3, the amount of the capital stock shall be fixed and limited, and the purpose for which and the place in which the corporation is to be established shall be distinctly and definitely set forth. By § 4, it is further provided that, before commencing business, a certificate shall be made of the name, purpose, capital stock and other particulars concerning the constitution and objects of the corporation, to be published and recorded as therein required. And by § 5 it is provided that " when such persons are organized as aforesaid " — that is, by articles of agreement, as above set forth — " they shall become a corporation, with all the powers and privileges and subject to all the duties, restrictions and liabilities set forth in the thirty-eighth and forty-fourth chapters of the revised statutes." There can be no doubt of the construction which ought to be given to these provisions. The implication is clear and unavoidable that, until the organization is completed according to the requirements of the statute, the association does not become a corporation, and does not possess corporate rights or privileges, nor is it subject to the duties and liabilities of a manufacturing corporation, among which is the liability of the stockholders for corporate debts, if certain provisions of law are not complied with. There is an obvious reason for making such organization by written articles of agreement a condition precedent to the exercise of corporate rights. It is the basis on which all subsequent proceedings are to rest, and is designed to take the place of a charter or act of incorporation, by which corporate rights and privileges are usually granted. If there were no such requirement, there would be an absence of any provisions by which the right to exercise

corporate power could be definitely fixed and established, and there would be no means of ascertaining the rights of stockholders or of persons dealing with such associations.

Upon an examination of the evidence adduced at the trial, there is nothing to show that any articles of agreement were ever entered into for the formation of a corporation under the statute.   That some organization took place with a view to establish a corporation is abundantly shown.   But the essential fact is wanting to show that the persons engaged in the enterprise ever complied with the condition precedent to their right to assume the name and functions of a corporation.   It is not a case of a defective organization under a charter or act of incorporation, nor of erroneous proceedings after the necessary steps were taken to the assumption of corporate powers, but there is an absolute want of proof that any corporation was ever called into being, which had the power of contracting debts or of rendering persons liable therefor as stockholders.

We are not called on now to say whether the plaintiffs have any remedy for the collection of their debt against those who participated in the transactions connected with the attempted organization of the supposed corporation.   It is sufficient for the decision of this case, that the respondents cannot be held liable in the action for the debts of a corporation which has never had any legal existence.        *Exceptions sustained.*